Filed 6/28/24  P. v. Ruiz CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LAURO DAVID RUIZ,<br><br>     Defendant and Appellant. | B332630<br><br>(Los Angeles County<br>Super. Ct. No. PA052592) |

 

Appeal from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan Kline and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2006, a jury convicted Lauro David Ruiz (Ruiz) of attempted murder after he attacked E.C. with a meat cleaver. The trial court sentenced Ruiz to life in prison with the possibility of parole, plus six years.

Ruiz now asks us to reverse the trial court's order summarily denying his petition filed pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1] That section permits inter alia a person convicted of "attempted murder under the natural and probable consequences doctrine" to challenge the conviction and seek resentencing. (§ 1172.6, subd. (a).)

We conclude, however, that the record of conviction here establishes that the jury did not convict Ruiz pursuant to the natural and probable consequences doctrine. To the contrary, the jury found that Ruiz personally attacked E.C. with the intent to kill. We therefore affirm.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

### A.   *Overview of the Crime and Ruiz's Trial*

In July 2005, Los Angeles Police Department officers witnessed Ruiz strike E.C. in the throat with a meat cleaver that had been taped to the head of a golf club. Although injured, E.C. survived the incident. The Los Angeles County District Attorney's Office charged Ruiz with one count of attempted premeditated murder (§§ 187, subd. (a), 664) and one count of assault with a deadly weapon (§ 245, subd. (a)(1)).

The case proceeded to a jury trial in July 2006. As relevant here, the trial court instructed the jury that it could convict Ruiz of

---

[1] All subsequent statutory references are to the Penal Code.

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

attempted murder only if it determined that he "intended to kill" E.C. The court did not instruct on the felony murder rule, the natural and probable consequences doctrine, or any other theory of liability involving imputed malice.

The jury convicted Ruiz on both counts. With respect to the attempted murder charge, the jury found that Ruiz had acted "willfully, deliberately, and with premeditation." In addition, the jury found that Ruiz had "personally used a deadly and dangerous weapon, . . . [a] meat cleaver," in committing the offense. The trial court sentenced Ruiz to life in prison with the possibility of parole, plus six years.

### B.  *Subsequent Changes to the Law of Murder and Attempted Murder*

Effective January 1, 2019, approximately 12 years after Ruiz's conviction, "the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

The bill accomplished this objective by, among other changes, amending section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The bill also amended section 189 by "limit[ing] the felony-murder rule to cases where the defendant was the actual killer, acted with an intent to kill, or acted as a 'major participant' in the underlying felony and with 'reckless indifference to human life.' " (*People v. Coley* (2022) 77 Cal.App.5th 539, 543 (*Coley*).) "In addition to substantively amending sections 188

and 189," the bill added section 1172.6, which provides a procedure whereby "convicted murderers who could not be convicted under the law as amended" may petition to have their conviction vacated and be resentenced on any remaining counts. (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

Effective January 1, 2022, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which expanded the scope of section 1172.6's relief to defendants (1) convicted of murder based on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime," and (2) convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1); *Coley*, *supra*, 77 Cal.App.5th at p. 548.)

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that the petitioner is eligible for relief," the trial court must appoint counsel, if requested (§ 1172.6, subd. (b)(1)(A) & (b)(3)); the prosecutor must file and serve a response to the petition, to which the petitioner may reply (§ 1172.6, subd. (c)); and "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

In assessing eligibility at the prima facie stage, the court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.]" (*Ibid.*) The court may summarily deny the petition, however, if the record of

4

conviction demonstrates that the petitioner is ineligible for relief as a matter of law.  (*Id.* at pp. 970–972.)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (See *Coley*, *supra*, 77 Cal.App.5th at p. 545.)

### C.    *Ruiz's Section 1172.6 Petition*

On May 27, 2022, Ruiz filed a pro se petition pursuant to section 1172.6 challenging his conviction for attempted murder. The District Attorney's Office filed an opposition to the petition, arguing that Ruiz was ineligible for section 1172.6 relief as a matter of law.  The trial court appointed counsel for Ruiz, who filed a reply in support of his petition.  At the July 27, 2023 hearing on the petition, the court heard argument from both parties concerning whether Ruiz had established a prima facie case for relief.  The court concluded that Ruiz had failed to do so, explaining:  "So I did review the verdict forms . . . .  I did review carefully the jury instructions that were provided to [Ruiz's] jury.  And what can be derived from that is that when they were instructed on the crime of attempted murder, the only mental state that was provided to the jury was an intent to kill."

Ruiz timely appealed.

## DISCUSSION

Ruiz is ineligible for section 1172.6 relief as a matter of law because the record of conviction establishes that the jury did not convict him pursuant to the natural and probable consequences doctrine.

The prosecution alleged that Ruiz, acting alone, committed attempted murder by striking E.C. in the throat with a meat cleaver.  The trial court instructed the jury that, to find Ruiz guilty of attempted murder, it must conclude that he "intended to kill."

5

The court did not instruct the jury on the natural and probable consequences doctrine. In addition, the jury determined that Ruiz committed the attempted murder willfully, and with deliberation and premeditation—findings that the court instructed the jurors they could make only if they concluded that Ruiz "intended to kill when he acted," and that he "decided to kill before acting" after "carefully weigh[ing] the considerations for and against his choice." We therefore conclude that Ruiz is ineligible for section 1172.6 relief as a matter of law.

Ruiz's conclusory argument in opposition does not persuade us otherwise. He insists—without further elaboration—that the trial court erred in denying his petition without first conducting an evidentiary hearing because "[Senate Bill No.] 775 added language to section 1172.6 that no longer restricts relief to defendants convicted under theories of felony murder or natural and probable consequences."

But section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*Coley*, *supra*, 77 Cal.App.5th at p. 548; accord, *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865, petn. for review filed June 11, 2024, S285447.) Accordingly, the court properly denied Ruiz's petition at the prima facie stage. (See *People v. Curiel* (2023) 15 Cal.5th 433, 463 [prima facie showing is not made where record conclusively establishes every element of the offense]; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893 ["[t]he record supports the trial court's decision to deny the petition because [the defendant] was not eligible for relief"].)

6

## DISPOSITION

The July 27, 2023 order denying Ruiz's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

WEINGART, J.

7